representing Vincent Badkin and I'd like to reserve three minutes if I may all right thank you counsel let me before we get started though there's two counsel one for the Union and one for Lockheed on the other side and I just want to verify that you worked out in advance how you are going to split up the Mr. Baergo am I pronouncing that correctly yes you're taking how many minutes I will take the first eight minutes and then Ms. Dept. Wyler's taking the next seven unless of course you're done with me in which case I'll defer the rest of mine to her all right you can all see the clock try to keep track of your own time but I'll try to remind you as well thank you go ahead counsel thank you your honor I would like to focus on some significant contradictions in the defendants answering brief and as well as in the declaration of Robert Westbrook who was their union representatives the contradictions make the defendants claims factually impossible and demonstrate bad faith on July 25 2016 Westbrook proposed to Badkin a new proposed agreement and asked him to accept his voluntary resignation which Badkin rejected and asked Westbrook to continue with his grievance and in reply Westbrook stated just keep in mind that there is no guarantee that the Union will take the grievance to arbitration our attorney will review and let me know if he thinks the Union would prevail in arbitration Union in discovery the Union also claimed that legal counsel Terry Johnson Jensen further provided advice to the Union regarding the merits of the agreements this is a record ER 55 however that can recently discovered that Terry Jensen has voluntarily resigned his bar why is that relevant your honor all these excuses so many times the Union and the arguments they keep saying as you say they consulted the Union I mean the attorney attorney did not think that your grievance has merit grievance was Union gave two excuses for not taking the grievance to arbitration one the Union attorney says so as I will point it out to the quotation and then another one is that that kid had taken an offer plea and allegedly Westbrook says well concern about this effect into the settlement yet as I will point out this had a secret settlement agreement on August 8th yet offered plea was done more than a month later on September 9th so the initial decision was but that was like to present the chain of events leading to that one so there is no excuse for the Union not to take the case to arbitration he never came up with in any reason other than I'm sorry may I continue what's their question just Simon yeah okay so anyway Westbrook continued further continued in over the next couple months they continued to discuss possible settlement terms with Lockheed however Westbrook could not have had those discussions over the next couple months because just 14 days later on August 8 2016 Lockheed and the Union executed their secret settlement agreement without a notice to back it back his attorney learned of the secret settlement agreement almost a year later directly from Lockheed's corporate attorney Scott Feldman now in ER record ER 55 Union claims that quote Union representatives discussed the merits of the grievance with their legal counsel and ultimately negotiated the best settlement it could you know like I was a plaintiff's guilty plea now number one the attorney legal counsel was resigned his bomber membership more than two years earlier and guilty plea was done more than a month after their August 8 council now I do and the significance of that again counsel is that is you're questioning the credibility of mr. Westbrook's representation as to consulting with a lawyer is that the significance of that that is one of them yet also your honor in the same declaration he says guilty plea he took into consideration but guilty plea came up more than a month after the settlement agreement they secretly signed August 8 the council let me understand how this fits in legally in your claim of unfair representation by the Union it can only be based either on bad faith arbitrariness perhaps or discrimination I'm not hearing any discrimination argument arbitrariness arguably doesn't apply here to a question of judgment bad faith as I understand it requires evidence of fraud deceit or dishonest conduct number one do you agree and if so if you do agree what is your best evidence of fraud deceit or dishonest conduct your honor whole series of this this whole process dragged on months and months and apparently as we referred in the opening brief best back in had a friction a problem about the issue with Lockheed's a couple months earlier and he had a problem with Lockheed and apparently at that time Westbrook I mean that can testify that Union nobody ever came up to him he had complained about the safety issues and that ever since they dragged on on on the grievance from process months and months and they would never keep him up to date and then the most important thing is that perhaps September 21 they called for a meeting and at that meeting allegedly Westbrook says well he talked this case of the review this with the Union attorney and discussed this grievance and attorney does not think that grievance has a merit yet he never disclosed the fact that more than a month earlier well back in August 8 they already signed the secret agreement and yet never mentioned to back in that they had this agreement already signed about a month earlier but agreement on August 8 say that if that can is cleared of the charges he may reapply as an external candidate so it's not they didn't prejudge it they were waiting to see what would happen that that is but they never disclosed that now August 8 is their secret agreement however that is one of the issues but that good you're saying the bad the bad faith is the lack of disclosure not the substance of the agreement and how disclosure and kept the whole process secret until apparently inadvertently Lockheed's corporate attorney in a directed but disclosed it from the East Coast and saying look initially as I was going to come on this list initially Scott Goldman said okay he can't help me get his job back because that's just when you contacted corporate lucky and then he said sorry he said you can't get get the job back because of the agreement what agreement oh so he emailed that that August 8th agreement first time came up and also how how was the August 8th agreement materially different than the corrective action request that that your client signed August 8 agreement it says he would have to accept his voluntary resignation period and then he may apply later on or Lockheed wouldn't object if Batkin would try to get unemployment benefits that effect essentially they gave no relief to Batkin so then the anyway also anyway did I answer that question I'm nervous quite all right so anyway so September 21 meeting he alleges talked with the attorney and then never tells look we already have back in August where I had this agreement never disclosed that the obvious reason came up is that later on the General Counsel disclosed the August 8 agreement and the date is August 8 later on Westbrook came up he said well there was a it was signed on October 28 and there is an earlier version of it that's what he claims earlier version of it but it is not going to affect until October 20 there is no evidence in record that there is another agreement dated October 28 this is like you know counsel counsel what what motivation would the union have for intentionally and in bad faith not disclosing the August 8th agreement what would be the reason why they wouldn't disclose that to mr. Batkin I think I believe your honor is that going back to email communications they got themselves in a box because of a of the faith came 14 days after Westbrook and Batkin had this communication says I want to proceed continue with my agreements and then 14 days later they signed this agreement and then later on other meetings came up and they were in a conflict that's the reason obvious reason who are later on Westbrook claims and in the briefs they well there is a it was signed on October 28 I'm hearing your I'm hearing your argument be that they intentionally the Union intentionally did not tell Batkin about the August 8th agreement why would they intentionally not tell him your honor I believe I think the record will show that that they had a couple of earlier Batkin had complained about a safety ash issue with Lockheed and at that time during the deposition what do you complain about these problems that he had with Lockheed and then the attorney asked back here well that is not the Union and that is the that is Lockheed well Union joint forces with Lockheed and they never supported Batkin and they kept him but as an overall record they kept him like a mock man if they look for an excuse to get rid of him they were encouraging him to get a job somewhere else they simply were trying to get back to him because several months earlier he raised the safety concern electrical hazard issue and he complained to I believe more than one place and then that attitude continued because Lockheed man and then Union representative they were just helping each other so I'm sorry I know you wanted to save some time we're down to a little under two and a half minutes so would you like to take the balance for that time I'd like to oh this is all yes I will I guess I'll have to I have to reserve it yes okay thank you mr. Piergo yes your honor may it please the court on behalf of Lockheed my name is Anthony be beer go I'm taking the first eight minutes and I'll focus on the issues of the second prong in any hybrid 301 case like this is which mr. Chabot did not address at all and that is in order to prevail on a hybrid 301 claim mr. Chabot on behalf of mr. bad can must establish must create a rep against the Union as well as a submissible case of a breach of the collective bargaining agreement by Lockheed he does not address the the latter of those at all and I know the courts very aware that the grant a summary judgment is subject to de novo review but it's very important to understand that mr. two books and mr. badkins conclusory and I corroborated self-serving testimony is not sufficient in any employment case I'm sorry counsel was mr. bad can and at will employee or could he only be terminated for just cause he could only be terminated for just cause under the collective bargaining agreement all right and under article 4 section 2 of the collective bargaining agreement I it struck me as an odd place the employee placement article and loss of seniority for there to be this provision requiring the five-day justification if you can explain that briefly I'd be interested in that but more significantly it does say that he can be deemed to be a voluntary resignation if he misses the five days without ballot justification where do I find in the record without having to go into the declarations that the district judge excluded that being in jail is not a valid justification well I think there's multiple ways of looking at it first relative to reading the just cause provision in light of the other provisions of the contract all those have to be read as an integrated whole second of all with respect to that particular language you have to look at has the plaintiff in in the case below has the appellant created any sort of submissible case other than his own argument that that has been treated in the past by the parties as a valid justification and when we look at valid justification you've got to look at does the employee bear blame for the situation as to why he could not report himself or is the plaintiff is the employee responsible for the situation being in jail due to your own conduct which Mr. Badkin acknowledges he engaged into it in it he pled guilty to it is no different than going on a 10-day vendor and not reporting either again the employee is responsible for that he was fired I think I'm not the 18th while he was still in jail so for all we knew at the time he could have been fully acquitted he could have been found to have been improperly or in improperly taken into custody yet he was fired before anybody even learned what whether he had a valid justification or not be and that would be consistent with and there's no showing by plaintiffs that it's inconsistent with the practice of on a five-day no call no show you terminate everyone automatically now and showing the good faith of the Union and indeed the good faith of Lockheed the grievance said look if in fact he's exonerated of these charges and found to be without fault either because the charges are false or because he has a valid defense for his discharge of the weapon at his daughter's boyfriend any of those things envisioned him being able to come back to work if in fact he was exonerated that's entirely consistent with a the parties are in fact applying the is there valid justification for not calling for which he doesn't bear personal responsibility for the reasons that happened as well as does Lockheed have a written policy that the self report of not being able to show about work has to be done by the employee or legal counsel it seemed in the record it seems like there was only declarations suggesting that it's the practice that it must be done consistent with all the other practices that we don't discuss personal employment medical and other issues with people other than the employee themselves you end up in a slippery slope in all their situation it's just a practice there's no written policy about that is that correct I in the record I don't believe there's a policy that shows the declarations themselves obviously established yet this is the long established practice and indeed the federal courts in 301 cases have long acknowledged that look you have to read a collective bargaining agreement in light of the practices between the parties that's why the standard is so deferential to the decisions of the employer and particularly the union in deciding no this is consistent with what we've done in the past this is what we know the practice to be this isn't an individual employment contract between mr. bad can and Lockheed this is a contract between the company and the union and the union in representing the collective has to be given the discretion to determine is this a fight worth fighting or is this some chaotic tilting at windmills here that doesn't make sense to exhaust the limited resources of the union and the collective to fight a fight that it shouldn't fight and if it decides it did in this case look the best outcome for mr. bad can considering the pendency of these charges is that if he can be indicated here there was no delay or dragging feet from May to September mr. bad can due to his own conduct was in a never-never land of and unable to move the process forward he blames the union for not telling him of the settlement which is judge Simon indicated in fact I think is judge Bumate you you indicated the August 8th agreement was consistent with the request made back in the May grievance by mr. bad can if I can be exonerated then I'd come back to work and then immediately after that rather than mr. bad can going back to the union and saying hey my court case is coming up we're talking about having contact when it had already been resolved from the outset back in May here's the request the request is if I'm exonerated can I come back to work again this comes back to a lack of personal responsibility by mr. bad can I see that my time is up and I would yield to miss that one thank you good morning may it please the court Christina debt while I represent your national association machinists and aerospace workers local district Lodge 160 and local lodge 282 the court can dismiss affirm the dismissal on any three pounds they can find there was no breach of contract you can find there was no breach the duty of fair presentation and or you can find that the claim has untimely filed I'm gonna start with talking about the statute of that why don't we get a response immediately to the plaintiff's lead argument that by failing to disclose the August 8th agreement that at least presents a genuine issue for a fact-finder on whether there was deceitful action or dishonest conduct what's the Union's response to that there the August 8th agreement was communicated in substance to mr. bad can it was communicated to him in July at a meeting it was communicated to him again in September and the fact that he understood those terms he acknowledges and admits in an email that he sends to the Union on April 26 2017 wherein he states quote it is my understanding that the Union and Lockheed Martin agreed I would get my job back after I was absolved of the assault charge and my access to naval base Kitsap was reinstated he understood the terms of the settlement agreement that was made with the Union and Lockheed he didn't get a copy of it that's true but there was no bad faith no one was hiding anything from him it wasn't secret wasn't he absolved of the charges that were initially asserted against him certainly the charges that were alleged against him as of June and July August of 2016 namely the charge of first degree assault he was absolved of that charge he was absolved of that charge but he pled guilty to other charges that were that were included in with those charges as secondary offenses so are you saying that the charges to which guilty were also alleged from the outset yes where do I find that in the excerpt of record or the supplemental excerpt I don't have that handy I know that is in the supplemental record and looks like my other counsel is maybe looking for that and maybe you'll have an answer before we do so it wasn't secret and as Simon as you indicated that the standard for duty of representation is there's only a breach if the conduct was arbitrary discriminatory and bad faith if the conduct involved judgment then arbitrariness falls out and we're left with bad faith or discrimination although you say arbitrariness falls out with judgment but that's not exactly what Peterson versus Kennedy's good right and so how do I square Peterson versus Kennedy with the Moore versus Bechtel and the Demetrius versus transportation workers case can they be squared I think they can be squared I think what Kennedy was saying was that where Union exercises judgment and makes an informed decision that we don't get to go back and look critically at that whether we agree with that decision whether we think that was a good decision wise decision we're just going to look at what was that informed decision on facts and if it is then we can't be said to be arbitrary and then all we're left with is was a discriminatory or was it in bad faith all that we have here for the bad faith is apparently this idea there was a secret settlement and again it wasn't secret he was informed of the terms and he indicated and the evidence shows he understood what those terms were I think some of this goes to the district court striking our supplemental affidavit the second affidavit from Westbrook because in there he directly responds to this secret settlement allegation which hadn't been made previously we didn't have that it had wasn't said in position didn't know that was an allegation we were going to have to respond to when we submit our opening papers and Westbrook's opening declaration and the the supplemental one directly respond in the district court acknowledged they directly responded to those allegations and arguments made by plaintiff in his reply briefing so for the district court to strike that I and certainly the district court should have invited briefing on it before ruling on it I'm speaking to the statute of limitations in this case the grievance was actively worked from May through September there were discussions with Badkin he was consulted he was in the loop me and it culminated in September and then nothing. There was a dispute about what happened at that September meeting but it's not disputed that from that point forward Badkin didn't inquire once about his grievance he didn't ask there there was communication between him and the Union official talking about jobs and applications but at no point in the next seven months does he say hey what's going on with my grievance when am I having that arbitration hearing were you doing to get me back to work nothing the next communication comes in April 2017 in that email I read to you wherein he doesn't ask about the grievance he instead asked about the settlement because he knew his grievance had been settled and yet his first case to be timely it has to be based on conduct that happened May 2nd or there or in the future between May 2nd and November 2nd and nothing happened then well he knew before May 2nd that his case had been settled by the Union and that the Union was taking no further action on his behalf. I'm going to turn it quickly back over to Anthony and see if he found that site for you. Please. I did not find other charges other than the first degree assault in the record as submitted I will note that the original requested relief was not that he be absolved of the charges but that he be absolved of wrongdoing as provided in the allegations and charges. Right and I found I found that potentially ambiguous because it said wrongdoing as provided in the allegations and charges sent me to want to know exactly what the charges and allegations were I see the factual allegations but the only charge I could find in the record was the charge of first-degree assault with a deadly weapon. Yeah actually that was in the record that's actually not the charges but the the arrest that resulted what the prosecutor brought initially is actually not in the record. It's the arrest record which says he's arrested for first-degree assault with a probable cause statement behind it and then the ultima plea agreement that's reached thereafter. All right thank you counsel you're over time. There's time on rebuttal so let's go back to Mr. Bakhtin's Yes your honor briefly I think I have two minutes first of all Bakhtin was not fired for cause he was fired in the pretext of voluntary resignation however CBA specifically provides that unless he has a valid justification for his requires a pre-determination hearing he wasn't. The last day he was supposed to call that is when he was fired and misdemeanor. Counsel do you do agree that that it was the practice of the parties that only the legal counsel or the employee himself can. Absolutely disagree your honor as there's no such thing in my response reply brief or in my brief I did cite section 8 I believe of the CBS says this agreement is the sole agreement. Yes the defendants try to bring all kinds of industry standards there's no such thing in the in the record and CBS says it is the sole agreement. I did give the section citation to it and again misdemeanor was not plea deal misdemeanor was not in the initial charge and as I said he was denied the pre-termination hearing where he should have been allowed to come to work and then he says come over here we need to talk to you let's see what your justification was for inability to call in person even though CBA doesn't require in-person requirement there's no such a requirement. Also I cited in my brief your honor Sherry Hendricks of Lockheed told McKenna the daughter that union steward was going to see Batkin in jail that's an acknowledgment that he did they did receive the notice from Batkin. So also the terms Batkin cited in in his email that's the terms for his satisfaction that's not a term or something that oh he should file a complaint I guess he says he's supposed to get back to work once the assault charge is dismissed and base access was restored that's not consistent with what actually separate agreement August 8th agreement states so the timing delay was caused a world record will show that all caused by the union and anyway I think oh I have to yeah you're a little bit over time oh I'm sorry okay I'm finished then I suppose thank you. We thank all counsel for your arguments today the matter is taken under submission and we'll issue a decision in due course. Thank you counsel. Thank you. You're welcome. The next two cases Black versus Grant County Public Utility District and Baton versus QTC Medical Services and Lockheed Martin Corporation have been submitted from the briefs and record so that concludes our argument calendar for this morning we're in
judges: Nguyen, Simon, Bumatay